IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THOMAS DEREK THORNTON                                                                 PLAINTIFF

v.                                    Civil No. 4:22-CV-04114

JACKIE RUNION; MARK LOUIS;
J. WALKER; CAPTIAN ADAMS;
LIUETENANT MILLER; SERGEANT
GUTHERIE; SERGEANT HENDERSON;
SERGEANT GOLDEN; SERGEANT MOORE;
SERGEANT WALKER;DEPUTY SMITH;
NURSE KING; NURSE CHELSEY;
DEPUTY ROBERTS; DEPUTY HALL;
DEPUTY HADLEY; SERGEANT HANNING;
and NURSE LISA                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Thomas Derek Thornton, currently an inmate of the Miller County Detention Center ("MCDC"), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis*

1

("IFP Motion") on November 28, 2022.  (ECF No. 1).  The Court granted Plaintiff's IFP Motion on the same date.  (ECF No. 3).  On December 16, 2022, the Court directed Plaintiff to file an Amended Complaint, (ECF No. 6), which he did on December 30, 2022 (ECF No. 7).

In his Amended Complaint, Plaintiff alleges four claims against eighteen Defendants. (ECF No. 6).  In Claim One, Plaintiff claims Captain Adams, Sergeant Golden, Sergeant Gutherie, Lieutenant Miller, Sergeant Hanning, Warden Walker, Sheriff Runion, Under Sheriff Mark Louis, and Sergeant Henderson all violated his due process rights under the Fourteenth Amendment. (ECF No. 1, p. 8).  Plaintiff states:

> 7/16/21 I begin to have shortness of breath and being dizzy for hours at a time
> 10/25/21 I begin spitting up blood at night as well as doing (sic) the daytime hours
> A written request was written to each of the defendants in July of 2022 about this issue with no response on 8/30/21 I advise admin G. Officer, whom I believe to be Sgt. Golden that their was black mold in showers around or about 7/9/21-8/9/21 as well
> I begin to have shortness of breath and dizzy spell, for hours at a time
> I begin spitting up blood
> I started having headaches

*Id*. at 8-9.  Plaintiff alleges these claims against the stated MCDC employees in their official capacities only.  *Id.* at 9.  When prompted to describe the policy, custom, or widespread practice which caused the complained of action Plaintiff responded:

> MCDC policy states upon request from inmates supplies will be given.  I request for the supplies every morning on some days Im told their (sic) are several items missing other days only given a broom.  No chemicals no mor, nor scrub brushes

*Id*. at 9.

In Claim Two, Plaintiff claims Sergeant Gutherie, Sergeant Golden, and Captain Adams all violated his Fifth and Fourteenth Amendments from July 27, 2021 and August 14, 2021. *Id.* at 10.  Plaintiff asserts:

> Money ($67 - $72) was taken from my commissary account over a period of 2 weeks. Capt. Adams was told about this as well as Sgt. Golden, and Sgt. Gutherie 10/28/21 did receive my money back even after a full investigation by Capt. Adams was done.

   Mentally stress, emotionally stress (sic) fatigue

(ECF No. 1, p. 10).  Plaintiff asserts Claim Two against the MCDC employees named in their official capacities only.  When prompted to explain the policy, custom, or widespread practice that caused the asserted violation, Plaintiff responded:

> Policy states that inmates in custody are the responsibility of the Government officials (State/County) who custody they are in, as well as the 14th Amendment.

*Id.* at 11.

   In Claim Three, Plaintiff asserts Sergeant Walker (Kitchen supervisor), Sergeant Gutherie, Nurse King, Nurse Chelsey, Nurse Lisa, Deputy Hall, and Deputy Hadley all violated his First Amendment, Due Process and Fourteenth Amendment rights.  (ECF No. 1, p. 11).  Specifically, Plaintiff claims:

> 5/6/22 – 7/16/22
> Fed pork (ham/hotdogs/corndogs/ribs(7/4/22) forced to become vegetarian just to be pork free.  Deputy Hall and Hadley called Kitchen to get other tray informed Nurse King, Nurse Chelsey, Nurse Lisa, Sgt. Gutherie, Sgt. Walker on or between 5/9/22-7/15/22 [emotional] stress, physical stomach pains (due to not eating)

*Id.* at 12.  Plaintiff asserts this claim against the listed employees of MCDC in their official capacities only.  *Id.*  When prompted to list the custom, policy, or widespread practice that violated his rights, Plaintiff responded: "Rejected my request to be pork free due to religion (free exercise clause." *Id.*

   In his Claim Four, Plaintiff alleges Deputy Smith, Deputy Roberts, Sergeant Walker, Deputy Hadley, Deputy Hall, Sergeant Gutherie, Sergeant Golden violated his Due Process and Fourteenth Amendment rights.  (ECF No. p. 13).  Specifically, Plaintiff claims:

> On Aug 18th & Aug 19th, 21 Fed cold breakfast
> On or about July 16th 22, Sept 9th, 22 fed cold lunch & dinner on several different occasion

> I told Dep Smith that the breakfast was cold on or about Aug 18th, 19th 2021 informed Dep Roberts as well. Wrote to Sgt. Walker on or about July 16th told Dep. Hall that food was Cold as well as Dep Hadley that Lunch was cold.
> Having issues using the . . . (illegible), loss of appetite, stomach aches, headaches as well.

(ECF No. 1, p. 13). Plaintiff alleges this claim against the named MCDC employees in their official capacity only. *Id.* at 14. The Plaintiff's official capacity claims related to Claim Four are illegible on his Amended Complaint.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001). The facts set forth in Plaintiff's Complaint, for claims Two and Four, do not support any plausible cause of action for relief under 42 U.S.C. § 1983. Additionally, Plaintiff has failed to allege any policy, custom, or widespread practice of MCDC caused his constitutional rights to be violated in Claims One and Three.

As an initial matter, the Court notes while Plaintiff lists Sergeant Moore as a Defendant in his Complaint, (ECF No. 1, p. 5), he fails to allege any complaints against Sergeant Moore. Merely listing a Defendant in a complaint is insufficient to support a claim against the Defendant. *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) ("court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption")). Even in an official capacity suit under section 1983, "a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom ... or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Sexton v. Wayne*, 4:13CV3171, 2014 WL 1767472, at *1 (D. Neb. May 2, 2014) (quoting *Nix v. Norman*. 879 F.2d 429, 433 (8th Cir. 1989)).

Secondly, Plaintiff's Claim Two relating to the inappropriate debits from his commissary account, fails to state a cognizable claim under Section 1983. Plaintiff has adequate post-deprivation remedies in the Arkansas state court to regain his property. *See Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where a distinct act of dominion is exerted over property in denial of owner's right). Therefore, Plaintiff's allegations do

5

not rise to the level of a constitutional violation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available under state law); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state a claim under § 1983 if state had adequate post-deprivation remedy).

Next, Claim Four also fails as a matter of law because Plaintiff has no constitutional right to hot meals. Prisoners are guaranteed a reasonably adequate diet. *Rust v. Grammar*, 858 F.2d 411, 414 (8th Cir. 1988). The provision of only cold food does not violate the Constitution. *See Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) ("We agree with the district court that Brown-El's claim that his constitutional rights were violated when he was served cold food is frivolous."); *Smith v. Copeland*, 892 F. Supp. 1218, 1229 (E.D. Mo. 1995) (holding that diet of only cold food, in and of itself, does not offend the Constitution), *aff'd,* 87 F.3d 265 (8th Cir. 1996).

Additionally, since Plaintiff has failed to state a cognizable claim related to the facts in Claim Four, it is irrelevant that his official capacity portion of this claim was illegible on his Amended Complaint. Without stating facts that implicate the constitution, Plaintiff cannot state an official capacity claim. Without a constitutional violation by the individual employee, there can be no official capacity claim against the employer. *Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

Lastly, the right to a pork free diet, and safe living conditions are protected rights under the Constitution. *See e.g., Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (jails must provide reasonably adequate sanitation to detainees); *Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003) (inmates are entitled to food that is sufficient to keep them in good health, and satisfies the

dietary laws of their religion).   However, Plaintiff only alleged his Claim One and Claim Three against the named MCDC employees in their official capacities.   Official capacity claims are "functionally equivalent to a suit against the employing governmental entity."   *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claims against the MCDC employees are treated as claims against Miller County.   *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor."   *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under Section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity."   *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).   Plaintiff has failed to allege any policy, custom or widespread practice of Miller County caused his deprivation of a pork free tray, the black mold, or the lack of cleaning supplies in the MCDC.

Accordingly, Plaintiff's Claim One and Three, as they are official capacity claims only, against Captain Adams, Sergeant Golden, Lieutenant Miller, Sergeant Hanning, Warden Walker, Sheriff Runion, Under Sheriff Mark Louis, Sergeant Henderson, Sergeant Walker (kitchen supervisor), Sergeant Gutherie, Nurse King, Nurse Chelsey, Nurse Lisa, Deputy Hall, and Deputy Hadley also fail to state plausible claims.

### V.   CONCLUSION

For these reasons, it is recommended that Plaintiff Complaint be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1).   Specifically:

(1) Plaintiff's Claims Two and Four against all named defendants be dismissed with

prejudice;

(2) Plaintiff's Claims One and Three against all named defendants be dismissed without prejudice; and

(3) Sergeant Moore be dismissed without prejudice as no claim was stated against him.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **13th day of February 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

8